UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CAROLE L. NOBLE                                                         PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:13-CV-00376-CRS

ABS FREIGHT
TRANSPORTATION, INC., ET AL.                                DEFENDANTS

## MEMORANDUM OPINION

This case is before the Court on a motion to remand filed by Plaintiff Carole L. Noble ("Plaintiff") against the Defendants, ABS Freight Transportation, Inc. ("ABS"), and Peter Stojanov ("Stojanov") (individually, or collectively "Defendants") (DN 6). For the reasons set forth below, the Court will deny the motion to remand.

## BACKGROUND

The following facts are undisputed. On December 7, 2010, Plaintiff was involved in a motor vehicle collision with Stojanov, a truck driver for ABS. Officers with the Louisville Metro Police Department responded to the scene and prepared a "Uniform Traffic Collision Report" ("Report") summarizing the findings of their investigation. According to the Report, neither driver was injured in the accident, (Uniform Traffic Collision Report, DN 8-1, at 1), and the damage to Plaintiff's vehicle was "very minor," (Uniform Traffic Collision Report, DN 8-1, at 4).

Shortly after the accident, the parties settled for the damage caused to Plaintiff's vehicle in the amount of $2,074.88. Although no settlement was reached with respect to Plaintiff's claim for personal injuries, the parties continued to investigate the circumstances surrounding the accident, particularly the nature and extent of Plaintiff's injuries, in an effort to reach a

1

settlement. After several interim communications, on April 25, 2012, Plaintiff's counsel sent ABS a letter indicating that they did not yet have sufficient information "to evaluate [Plaintiff's] injuries and claims" in order to propose a settlement offer. Specifically, the letter stated that "[Plaintiff] has not yet attained maximum medical improvement and it may be several more months before we are in a position to discuss a resolution of this case." (April 25 Letter, DN 8-5, at 1). Two days later, on April 27, 2012, Plaintiff filed suit against ABS in Jefferson County Circuit Court.

Over the course of the next year, the parties did not further discuss the possibility of settlement until March 11, 2013, when Plaintiff sent a letter to ABS proposing a settlement of Plaintiff's claim for personal injuries in the amount of $375,000. After receiving this letter, on April 3, 2013, ABS removed the case to this Court on the basis of diversity jurisdiction. On April 10, 2013, Plaintiff filed the present motion to remand the action to Jefferson County Circuit Court, claiming that ABS's removal was untimely because more than thirty days had passed since it first received notice that the action was removable.

After considering the parties' briefs and being otherwise sufficiently advised, the Court will now address Plaintiff's Motion to Remand.

**STANDARD**

A defendant may remove a civil case from state court provided that it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over actions between parties that are citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Although the defendant generally must file a notice of removal within thirty days after receiving the initial pleading, 28 U.S.C. § 1446(b)(1), if the initial pleading does not establish removability, the defendant may remove

within thirty days after receiving any paper "from which it may first be ascertained that the case… is… removable." 28 U.S.C. § 1446(b)(3).

When a defendant has missed the thirty-day deadline imposed by 28 U.S.C. § 1446(b)(1) and requests an extension under 28 U.S.C § 1446(b)(3), "the relevant question becomes whether the defendant *could have* removed the case within the time limit." *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994). Generally, when the plaintiff alleges a specific amount of damages in the complaint, that amount will suffice to establish removability "unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). However, if the plaintiff fails to state a specific amount of damages, the defendant must prove that it is more likely than not that the amount-in-controversy requirement is satisfied. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993). Ultimately, "[t]he defendant's ability to make such proof is determined by whether the defendant could have ascertained from 'a fair reading of the complaint or other papers filed' that the minimum jurisdictional amount existed." *Vaughan v. Dillards, Inc.*, No. 3:08-CV-441H, 2008 WL 4820772, at *2 (W.D. Ky. Oct. 31, 2008) (quoting *McCraw*, 863 F.Supp. at 434). Thus, once the plaintiff provides sufficient information, either via the complaint or "other papers," for a reasonable defendant to conclude that the case is removable, the thirty-day removal period of 28 U.S.C. § 1446(b) begins to run. *See Vaughan*, 2008 WL 4820772, at *2; *McGraw*, 863 F.Supp. at 434 ("[I]f the defendant is able to ascertain from a fair reading of the complaint or other papers filed that the minimum jurisdictional amount exists, he cannot 'sit idly by' while the statutory period runs."). If the defendant removes the case after expiration of the thirty-day removal period, the case must be remanded to state court on motion of the plaintiff.

**DISCUSSION**

The sole issue presented for the Court's resolution is whether ABS timely filed its Notice of Removal, or whether the thirty-day removal period set forth in 28 U.S.C. § 1446(b) had already expired. For the reasons set forth below, the Court concludes that the thirty-day removal period did not begin to run until ABS received Plaintiff's March 11, 2013, letter and that ABS's Notice of Removal was therefore timely filed on April 3, 2013. Thus, the Court will deny Plaintiff's Motion to Remand.

At bottom, "[t]he question presented here is… one of timing: when [was ABS] able to prove by a preponderance of the evidence that the case met the jurisdictional requirements?" *Vaughan v. Dillards, Inc.*, No. 3:08-CV-441H, 2008 WL 4820772, at *2 (W.D. Ky. Oct. 31, 2008). According to Plaintiff, ABS could have done so upon receipt of Plaintiff's letter dated April 25, 2012 ("Letter"). At that time, Plaintiff claims that ABS "was aware… that Westfield Insurance Company had paid…$10,000.00 …" for Plaintiff's medical expenses, (Mot. to Remand, DN 6, at 3), and therefore should have reasonably concluded that Plaintiff's total medical expenses would exceed $75,000 based on her Letter stating that she "ha[d] not yet attained maximum medical improvement…," (April 25 Letter, DN 8-5, at 1), thereby suggesting she would likely incur additional medical expenses. Thus, in Plaintiff's view, the thirty-day removal period expired on May 25, 2012, well before ABS filed its Notice of Removal on April 3, 2013.[1]

---

[1] Plaintiff also argues that ABS should have inquired whether Plaintiff expected the amount in controversy to exceed $75,000, either by way of interrogatories, requests for admissions, or otherwise. (Mot. to Remand, DN 6, at 3). To support this argument, Plaintiff cites *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305 (E.D. Ky. 1990), and *King v. Household Finance Corp. II*, 593 F.Supp.2d 958 (E.D. Ky. 2009). Specifically, Plaintiff relies on *Cole* and *King*'s statement that "when faced with a complaint effectively silent as to damages, the defendant should make an independent inquiry as to the extent of damages or run the risk of remand when the plaintiff… provides that information." *Cole*, 728 F.Supp. at 1309; *King*, 593 F.Supp.2d at 962 (quoting *Cole*, 728 F.Supp. at 1309). Although this language might appear to be applicable to the case at bar, closer inspection reveals that these cases are distinguishable. In *Cole* and *King*, the plaintiff's motion to remand was based on the plaintiffs' stipulation that they

ABS counters that these facts were insufficient to put it on notice that the amount in controversy would exceed $75,000. With respect to the $10,000 insurance payment, ABS cites *Adams v. Bellsouth Telecomms., LLC*, No 12–60–GFVT, 2013 WL 97733 (E.D. Ky. Jan. 8, 2013), for the proposition that a defendant's knowledge of $9,689.00 in medical expenses is insufficient to trigger the thirty-day removal period insofar as it is "substantially less than the jurisdictional requirement[]…" *Adams*, 2013 WL 97733, at *3. As for the Letter, ABS argues that the information provided therein was far too ambiguous for it to have concluded that the amount in controversy would exceed $75,000. Although the Letter stated that Plaintiff "ha[d] not yet attained maximum medical improvement" and that it might take "several more months" before she was "ready to discuss a resolution" of the case, (April 25 Letter, DN 8-5, at 1), ABS objects that the Letter failed to provide any information regarding the type of medical treatment that Plaintiff was receiving or its anticipated cost.

Like the defendant in *Adams*, ABS's knowledge that Plaintiff had received $10,000 for medical expenses did not trigger the thirty-day removal period because "[i]f it were in possession of only this information, [ABS] would have been unable to make a showing that removal was

---

were not seeking damages in excess of the jurisdictional threshold. In response, the defendants argued that permitting the plaintiffs to defeat removal by altering their original claim was contrary to the United States Supreme Court's decision in *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283(1938). In *Saint Paul*, the Court held that "events occurring subsequent to removal which reduce the amount recoverable… do not oust the district court's jurisdiction once it has attached," *id.* at 289–90, because otherwise "the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice," *id.* at 294. In granting the plaintiff's motion to remand, *Cole* and *King* distinguished *Saint Paul* on the grounds that the plaintiff had not *reduced* the amount in controversy because, prior to their damages stipulation, there was no information from which the defendant could have determined the amount in controversy in the first place. *Cole*, 728 F.Supp. at 1309; *King*, 593 F.Supp.2d at 962. Thus, *Cole* and *King* stand only for the proposition that, in cases where there is no evidence suggesting what the amount in controversy might be, defendants who wish to remove must make reasonable inquiry prior to removal to determine whether the jurisdictional threshold will be satisfied, or else risk the possibility that a subsequent damages stipulation by the plaintiff will defeat removal. Notably, neither *King* nor *Cole* addressed at what point the thirty-day removal period of 28 U.S.C. § 1446(b) was triggered, and to that extent they are inapposite. For these reasons, Plaintiff cannot rely on *Cole* and *King* in support of their claim that ABS had a duty to inquire into the amount in controversy and that its failure to do so rendered its Notice of Removal untimely. Because the Court is unaware of any other authority suggesting that the thirty-day removal period begins to run when the defendant could have discovered from reasonable inquiry that the amount in controversy exceeds the jurisdictional threshold, Plaintiff's argument to this effect is unavailing.

appropriate." *Adams*, 2013 WL 97733, at *3. The same is true with respect to ABS's receipt of Plantiff's Letter because, as ABS points out, the Letter did not provide any concrete facts from which ABS could have concluded that the amount in controversy would exceed $75,000. In sum, the little information available to ABS prior to its receipt of Plaintiff's March 11, 2013, letter would not have been enough for ABS to sustain its burden of demonstrating that the amount-in-controversy requirement was satisfied. Thus, ABS was entitled to wait for more definitive evidence of removability before the thirty-day removal period of 28 U.S.C. § 1446(b) was triggered.

For the foregoing reasons, the Court concludes that the thirty-day removal period of 28 U.S.C. § 1446(b) did not begin to run until March 11, 2013, when ABS received Plaintiff's letter offering to settle the case for $375,000. Thus, ABS timely filed its Notice of Removal on April 3, 2013, and the Plaintiff's Motion to Remand must be denied.

A separate order will be entered in accordance with this opinion.

Charles R. Simpson III, Senior Judge
United States District Court

October 23, 2013